DIANA GRIBBON MOTZ,
dissenting.
With respect and regret, I dissent.
Law enforcement officers face some of the most grueling, difficult, and dangerous work in our communities; they are called upon to make “split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving.” Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). All of us are, and should be, grateful to those who accept these challenges on our behalf.
However, we cannot let our gratitude and admiration erode the limits the Constitution imposes on the use of force by police officers — especially fatal force. The hazards of police work simply do not authorize officers to engage in the unbridled use of force. No matter how exasperated an officer becomes, the Constitution does not permit him to shoot a motorist for speeding — unless a reasonable officer in the same position would have had probable cause to believe it necessary to protect himself or others from “a threat of serious physical harm.” Id. at 396,109 S.Ct. 1865; *484 Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).
In .this case, .Officers MichaeL Batton, Kenneth Keel, and Christopher Heisey fired nine rounds of ammunition at a car driven by Josh Waterman, who sustained five gunshot wounds and died rapidly from those injuries. Ten minutes before the shooting, Josh Waterman had driven 51 m.p.h. in a 25 m.p.h. zone and failed to stop when signaled to do so by officers in squad cars, which may well have exasperated them. However, by the time of the shooting, Josh Waterman was neither speeding nor driving erratically — rather, he was passing through a toll plaza at 11 to 15 m.p.h.; and several eyewitnesses have sworn that none of the law enforcement officers at the toll plaza were in danger of being hit by Josh Waterman’s car. The video of the shooting could well be interpreted as supporting or, at the very least, not definitively negating these accounts.
A jury could, nonetheless, conclude that a reasonable police officer, confronted with the situation facing Officers Batton, Keel, and Heisey, would have acted as they did or would not have realized that shooting Josh Waterman violated the Constitution. See Saucier v. Katz, 533 U.S. 194, 201-02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). But so finding would require resolution of several genuine disputes of material fact, which we can no more resolve on interlocutory appeal than the district court could when ruling on the officers’ motion for summary judgment.
In a thorough opinion, replete with numerous references to the record, the district court carefully detailed'the material factual disputes requiring the denial of summary judgment. See Waterman v. Batton, 294 F.Supp.2d 709 (D.Md.2003). I cannot add to, or improve upon, the district court’s excellent .opinion. I would affirm the judgment of the district court.